**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
S.R.,
*an infant, by her parent, M.R., and*
*M.R., individually,*

               **Plaintiffs,**

        - against -                        1:12 C 1052 (MEA)
                                               **MEMORANDUM OPINION AND**
                                               **ORDER**
**SCOTT JAMES TURNBULL, and**
**STARBASE 2.5,**

               **Defendants.**
-----------------------------------------------------------

**MARVIN E. ASPEN**, United States District Judge:

    Plaintiff S.R. ("S.R."), an infant, by her parent M.R. ("M.R."), and M.R. individually

(collectively, "Plaintiffs"), filed a five-count amended complaint (Dkt. No. 8) against Defendants

Scott James Turnbull ("Turnbull") and Starbase 2.5 ("Starbase") (collectively, "Defendants"),

alleging Assault and Battery (Count I), Intentional Infliction of Emotional Distress ("IIED")

(Count II), "Negligent Emotional Distress" (Count III), "Negligent Conduct" (Count IV), and

Sexual Harassment (Count V).  Defendants have moved for summary judgment on all counts.

(Dkt. No. 16.)  For the following reasons, we grant the motion in part and deny it in part.

**BACKGROUND**

    Turnbull owned Starbase, a candy store in Mt. Kisco, New York.  (Compl. ¶ 1.)[1]  On

April 1, 2011, S.R. entered the store to buy a soda.  (*Id.*)  She alleges that Turnbull made a

---

[1] Defendants' Rule 56 statement of undisputed facts primarily deals with evidentiary and discovery issues (Dkt. No. 17), while Plaintiffs failed to submit any Rule 56 statement.  The parties give conflicting accounts of the events in the store.  (Compl. ¶ 1, 34; Reply Decl. ¶¶ 9–10.)  We therefore limit our background description to the bare allegations in the Complaint.

number of crude sexual remarks to her and then slapped her in the face without provocation. (*Id.*; Mem. ¶ 2.)  As a result of this incident, Defendant was charged with endangering the welfare of a minor and second degree harassment.  (Compl. ¶ 2.)  He pled guilty to the harassment charge on May 23, 2011, in full satisfaction of both charges.  (*Id.*)  Plaintiff initiated the present suit on February 10, 2012.  Defendants moved for summary judgment on all counts. (Dkt. No. 16.)

## STANDARD OF REVIEW

A motion for summary judgment is appropriately granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In this context, "[a] fact is 'material' when it might affect the outcome of the suit under governing law," and "[a]n issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 202 (2d Cir. 2007) (internal quotes and citations omitted).  "In assessing the record to determine whether there is [such] a genuine issue [of material fact] to be tried, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 101 (2d Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986)).

On a motion for summary judgment, "the moving party bears the initial burden of demonstrating 'the absence of a genuine issue of material fact.'"  *F.D.I.C. v. Great Am. Ins. Co.,* 607 F.3d 288, 292 (2d Cir. 2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986)).  Where that burden is carried, the non-moving party "must come

forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* (citing *Anderson,* 477 U.S. at 249, 106 S. Ct. at 2513). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . and may not rely on conclusory allegations or unsubstantiated speculation." *Brown v. Eli Lilly and Co.,* 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citations omitted).

## ANALYSIS

After briefing on this motion was complete, the parties submitted a Joint Pre-Trial Order stating, for the first time, that the "infant plaintiff claims that she sustained no psychological injuries," and the "infant plaintiff's previously asserted claim of psychological injuries are not to be tried." (Dkt. No. 26 at 3.) Three of Plaintiffs' claims, by definition, can only be based on psychological injuries—Intentional Infliction of Emotional Distress (Count II), Negligent Infliction of Emotional Distress (Count III), and Sexual Harrassment (Count V).[2] Therefore, given Plaintiffs' concession that S.R. did not suffer any psychological injuries, we grant

---

[2] It is not clear that sexual harassment even exists as an independent common law tort under New York law. Sexual harassment claims commonly arise under statutes in the context of employment or education. *See, e.g.*, *Anderson v. Davis Polk & Wardell LLP*, 850 F. Supp. 2d 392, 400 (S.D.N.Y. 2012) (discussing sexual harassment claims raised under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*); *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88-89 (2d Cir. 2011) ("Title IX provides a remedy to a student who is subjected to sexual harassment by a teacher or professor at an educational institution receiving federal funds."). And the conduct that gives rise to statutory sexual harassment claims can often provide the basis for other common law torts, such as assault or IIED. *See, e.g.*, *Wahlstrom v. Metro-N. Commuter R. Co.*, 89 F. Supp. 2d 506, 531 (S.D.N.Y. 2000) (finding allegations of sexual harassment under Title VII were sufficient to state a claim for assault, because "Plaintiff has raised a genuine issue as to whether her assailant placed her in reasonable apprehension of physical harm."); *Salvatore v. KLM Royal Dutch Airlines*, No. 98 C 2450, 1999 WL 796172, at *2 (S.D.N.Y. Sept. 30, 1999) ("In the employment context, sexual harassment cases comprise the bulk of intentional infliction of emotional distress actions where the plaintiffs prevail."). But we have not seen any cases, and Plaintiff has not cited any, where a sexual harassment claim proceeds as an independent common law tort.

-3-

Defendants' summary judgment motion with respect to those three claims.

We turn to Plaintiff's remaining claims.  In support of their motion for summary judgment, Defendants argue that all of Plaintiffs' claims "are the same.  Essentially, all claims sound in intentional infliction of emotional distress."  (Mem. ¶ 5.)  They point out that Plaintiffs have not offered medical evidence of S.R.'s injuries, as required to support a claim of IIED.  (*Id.* ¶ 6.)  Therefore, Defendants argue, we should grant this motion for summary judgment with respect to all claims.  (*Id.*)

The flaw in this argument is glaring—there is no coherent basis for Defendants' unsupported statement that Plaintiffs' claims are all identical to IIED.  The two remaining claims—assault and battery and common law negligence—have different elements and require different proof.  Defendants have offered no explanation or case law showing how the proof required for these claims might overlap with the proof required for an IIED claim.  Further, they cite case law that is only relevant to IIED, without offering any argument whatsoever as to why those cases are applicable to the other claims.

Rule 11 requires attorneys to present "legal contentions [that] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  By moving for summary judgment on all claims without the semblance of a reasonable legal argument or supporting case law, Defendants have fallen below that minimal standard.  They have also failed to meet his burden as the moving party to show that they are entitled to judgment as a matter of law on the two remaining claims.

Nevertheless, Plaintiffs do not dispute Defendants' contention that they lack medical evidence of S.R.'s injuries.  (Opp'n ¶ 1.)  Therefore we review Plaintiffs' remaining claims to

determine whether any of them require medical evidence to move beyond the summary judgment stage.

## I.     Assault and Battery

Under New York law, "an 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact.  A 'battery' is an intentional wrongful physical contact with another person without consent."  *United Nat. Ins. Co. v. Waterfront N.Y. Realty Corp.,* 994 F.2d 105, 108 (2d Cir. 1993); *Romero v. City of N.Y.*, 839 F. Supp. 2d 588, 632 (E.D.N.Y. 2012). "In the civil context . . . the common meanings of 'assault' and 'battery' subsume all forms of tortious menacing and unwanted touching." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001).  Courts do not require plaintiffs to present medical evidence to prove a claim of assault and battery.  *Love v. Rockwell's Int'l Enters., LLC*, 83 A.D.3d 914, 916, 922 N.Y.S.2d 131, 133 (N.Y. 2011) (rejecting appellant's argument that expert medical evidence was necessary, because "under the circumstances of this case, the results of the alleged assault and battery are within the experience and observation of an ordinary layperson."); *People v. Guidice*, 192 A.D.2d 383, 595 N.Y.S.2d 481, 482 (N.Y. App. Div. 1993) (finding that the victim's testimony "established the existence of both physical impairment and substantial pain, notwithstanding the lack of medical evidence.")

Besides pointing out the lack of medical evidence, Defendants raised new arguments for the first time on reply.  They contend that the assault claim fails because "the contact was not meant to scare [S.R.].  As such, [she] cannot prove the essential element of assault, i.e. intent." (Reply Mem. at 3.)  Defendants also argue that  "the evidence is clear that the alleged act by [Turnbull] was spontaneous, [S.R.] did not anticipate the event in any way, and therefore [S.R.]

could not have experienced apprehension." (Reply Mem. at 2.)  As for the alleged battery,
Defendants argue that the claim fails, because the "contact was made so that Turnbull could quiet
[S.R.] down in order that he could get the attention of the other patron.  Such conduct does not
rise to the level as being atrocious and utterly intolerable in a civilized community." (*Id.* at 4.)
These arguments are meritless.

Regarding the battery claim, Defendants are confusing the standards for battery and IIED.
This is another instance where Defendants have fallen below the minimal requirement of Rule 11
to present claims that are "warranted by existing law."  Fed. R. Civ. P. 11(b)(2).  The most
cursory review of New York state law shows that "a plaintiff need only prove intentional
physical contact by defendant without plaintiff's consent."  *Tower Ins. Co. of N.Y. v. Old N. Blvd.
Rest. Corp.*, 245 A.D.2d 241, 242, 666 N.Y.S.2d 636, 637 (N.Y. App. Ct. 1997); *Buggie v.
Cutler*, 222 A.D.2d 640, 641, 636 N.Y.S.2d 357, 358 (1995); *Villanueva v. Comparetto*, 180
A.D.2d 627, 629, 580 N.Y.S.2d 30, 33 (N.Y. App. Ct. 1992).  "In the case of a battery, the
slightest unlawful touching of the person of another is sufficient, for the law cannot draw the line
between different degrees of violence and therefore totally prohibits the first and lowest stage,
since every individual's person is sacred and no other has the right to touch it."  *United Nat. Ins.
Co.*, 994 F.2d at 108; *Rivera v. Puerto Rican Home Attendants Servs., Inc.*, 930 F. Supp. 124,
132–33 (S.D.N.Y. 1996).

Therefore, Defendants' argument on reply actually amounts to an admission of battery.
Turnbull acknowledges that he made contact with S.R. and does not argue that S.R. consented to
the contact. (Reply Mem. at 4.)  Turnbull's reasons for striking S.R. and the seriousness of the
harm are irrelevant to liability.  "It is well settled that the intent to do harm is not a necessary

element of a battery . . . The necessary intent is the intent to make contact, not to do injury." *Tom v. Lenox Hill Hosp.*, 165 Misc. 2d 313, 316, 627 N.Y.S.2d 874, 876 (N.Y. Sup. Ct. 1995).

In unusual circumstances, it is possible for a defendant to commit battery but not assault. *See, e.g.*, *Lenox Hill Hosp.*, 165 Misc.2d at 315–16, 627 N.Y.S.2d at 876. In *Lenox Hill*, the court found that the plaintiff stated a claim for battery by alleging that a doctor performed a colonoscopy without his consent. *Id.* But because the plaintiff was unconscious at the time, "he could not have been in apprehension of imminent harmful or offensive contact." *Id.* Contrary to Defendants' view (Reply Mem. at 3), we do not see this case as remotely analogous to *Lenox Hill*. There is nothing in the record that would allow us to conclude as a matter of law that S.R. was unable to apprehend the contact before it happened.

In fact, the significance of Defendants' argument that the contact was "spontaneous" is not at all clear. The normal meaning of the word "spontaneous" would seem to indicate simply that Turnbull struck S.R. without thinking about it first. Of course, Turnbull's state of mind has no bearing on what S.R. apprehended. Rather, Defendants likely mean that S.R. did not expect Turnbull to strike her, and the whole incident happened so suddenly that she did not have time to see what was happening. But there is no minimal time frame required for the apprehension that gives rise to an assault claim. Even a moment's apprehension of a sudden attack is sufficient. *See, e.g.*, *Knicrumah v. Albany City Sch. Dist.*, 241 F. Supp. 2d 199, 213 (N.D.N.Y. 2003) (denying summary judgment on an assault and battery claim where the record showed that defendant grabbed the plaintiff and shoved him into a wall "[s]uddenly, without provocation, justification, or warning . . ."). The record, as presented to us on this motion, is insufficient for us to determine as a matter of law that S.R. did not apprehend the imminent battery.

-7-

Finally, Defendants appear to misunderstand the intent requirement for an assault claim. "[The intent requisite to an assault under New York law is the intent either to inflict personal injury *or* to arouse apprehension of harmful or offensive bodily contact." *Rivera*, 930 F. Supp. at 133 (S.D.N.Y. 1996) (emphasis in original).  It does not matter that "the contact was not meant to scare" S.R..  *See* Restatement (Second) of Torts § 24, comment b (1965) ("[A]pprehension which is sufficient to make the actor liable may have no relation to fear . . .").  It is enough for Plaintiffs to show that Turnbull intended to put S.R. in apprehension of the alleged battery.  Defendants have failed to point to any undisputed facts in the record that would allow us to conclude as a matter of law that Turnbull lacked the necessary intent.

For these reasons, we deny Defendants' summary judgment motion with respect to the claim for assault and battery.

## II.     Negligence

Defendants' argument also fails with respect to the common law negligence claim.  A jury can draw their own conclusions without the help of expert testimony "when the results of an alleged act of negligence are such that they are within the experience and observation of an ordinary layperson." *Vamos v. Coca-Cola Bottling Co. of N.Y., Inc.*, 165 Misc. 2d 388, 395, 627 N.Y.S.2d 265, 271 (N.Y. Civ. Ct. 1995); *Parrott v. Pelusio*, 65 A.D.2d 914, 410 N.Y.S.2d 190, 191 (N.Y. App. Div. 1978).

Nevertheless, Plaintiffs appear to have included this count solely as an alternative claim in the event that they are unable to prove the intent necessary for assault.  They argue that "an intended act which results in unintended damage may be viewed as intentional or negligent." This is an incorrect statement of law.  Once Plaintiffs show that the alleged contact is intentional,

it is irrelevant whether Turnbull intended the resulting damage. *Cunningham v. United States*, 472 F. Supp. 2d 366, 381 (E.D.N.Y. 2007) ("While the plaintiff must prove intentional contact, he 'is not required to prove an intention to cause the specific injuries resulting from the contact.'") (citing *Masters v. Becker,* 22 A.D.2d 118, 120, 254 N.Y.S.2d 633, 635 (N.Y. App. Ct. 1964)); *Lenox Hill Hosp.*, 165 Misc. 2d at 316, 627 N.Y.S.2d at 876 ("The necessary intent is the intent to make contact, not to do injury."). The fact that "unintended damage" may have occurred does not give rise to a negligence claim. *Sawyer v. Wight*, 196 F. Supp. 2d 220, 228 (E.D.N.Y. 2002) ("once intentional offensive contact has been established, the actor is liable for . . . battery and not negligence.") (citing *Schetzen v. Robotsis*, 273 A.D.2d 220, 221, 709 N.Y.S.2d 193, 194 (N.Y. App. Ct. 2000)).

Here, Turnbull acknowledges that he intentionally struck S.R.. (Turnbull Dep. 11:14–12:15, 34:25–35:7, 38:18–25, Jan. 14, 2013 (Dkt. No. 21-1)). Because it is undisputed that Turnbull intended the offensive contact, there is no basis for a negligence claim. We therefore grant Defedants' motion for summary judgment with respect to Count IV.

## IV.    Liability of Starbase 2.5

Plaintiffs named Starbase 2.5, the store owned by Turnbull in which the alleged assault took place, as a defendant. In a footnote, Defendants stated that "Starbase 2.5 is not a legal entity." (Def.'s Decl. at 1.) Plaintiffs did not respond to this statement. Neither have they offered any basis on which we might find the business itself liable, independently of Turnbull. In the absence of any evidence that the store is liable as a business entity for the allegedly tortious conduct of Turnbull, Plaintiffs' claims against Starbase cannot survive a motion for summary judgment. Accordingly we grant Defendants' summary judgment motion with respect to claims

against Defendant Starbase 2.5.

## V.     M.R.'s Standing As An Individual Plaintiff

M.R. proceeds in this case both on behalf of her daughter, S.R., and individually.  As a parent, M.R. has standing to proceed on behalf of her child.  *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001) ("Parents generally have standing to assert the claims of their minor children.")  But she has not established standing to proceed individually.  Although neither party has raised this issue, standing is a jurisdictional question.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) ("Generally, standing is a federal jurisdictional question determining the power of the court to entertain the suit."); *Carver v. City of N.Y.*, 621 F.3d 221, 225 (2d Cir. 2010).  Therefore, we address this issue *sua sponte*.  *Chen-Oster v. Goldman, Sachs & Co.,* 877 F. Supp. 2d 113, 120 (S.D.N.Y. 2012) ("Indeed, standing is so basic a requirement that even if [the defendant] had not raised the issue, this Court would have been obligated to address it *sua sponte*."); *Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp. 2d 423, 438 (S.D.N.Y. 2006) ("Regardless of whether the parties raise standing on their own, the Court may address the issue at any time, *sua sponte*.").

The basic elements of standing are as follows: "(1) the plaintiff must have suffered an injury in fact that is both concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bryant v. N.Y. State Educ. Dept.*, 692 F.3d 202, 211 (2d Cir. 2012); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992).  "The party invoking

federal jurisdiction bears the burden of establishing these elements . . . [E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561, 112 S. Ct. at 2136.  Therefore, at the summary judgment stage, a plaintiff must produce evidence of specific facts supporting standing.  *Id.*

Plaintiffs have offered no evidence in this case showing that M.R. herself was injured by Turnbull's conduct.  Thus, we hold that M.R. has standing to bring this claim on behalf of her daughter, but she lacks standing to proceed individually.  We therefore grant Defendants' motion for summary judgment with respect to M.R. as an individual plaintiff.

## VI.    Amount in Controversy

In the Joint Pre-Trial Order and in a subsequent letter that Defendant submitted on the record on March 27, 2013, Defendant challenged our subject matter jurisdiction over this case based on the amount in controversy.  Although Defendant raised this issue after the briefing on summary judgment was complete, we will consider it here because it concerns our jurisdiction to hear the case.  *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) ("Whether a federal court has subject matter jurisdiction is a question that may be raised at any time . . .").

Defendant argues that "the withdrawal of [the claims for psychological injuries] clearly establishes that the infant plaintiff's damages do not exceed $75,000."  (Dkt. No. 28 at 1.)   This argument ignores controlling Second Circuit precedent holding that the amount in controversy is measured from the time of the filing of the complaint.  *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005) ("Generally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-

-11-

filing events."); *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of-filing' rule."). "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Wolde-Meskel*, 166 F.3d at 62; *see also Hall*, 396 F.3d at 506.

In *Hall*, the district court dismissed certain claims on summary judgment, and held as a result that the "amount in controversy obviously falls well below the $75,000 threshold for diversity jurisdiction . . ." 396 F.3d at 506.  That is precisely the result that Defendant asks for now.  But the Second Circuit in *Hall* reversed on the grounds that "The district court should not have considered a post-filing event in its calculation of the amount in controversy and therefore should not have dismissed the actual damages claim on jurisdictional grounds."  Therefore, we have no basis to dismiss this case on jurisdictional grounds.

## VII.   Conference and Trial Date

In sum, all that remains of this case going forward is S.R.'s claim for assault and battery (Count I) against Turnbull.  Defendant's March 27 letter asked whether the trial date was firm and requested a telephone conference regarding the question of damages and subject matter jurisdiction.  (Dkt. No. 28 at 1.)  In light of this ruling, we anticipate a brief trial, and therefore reset the date to April 10, 2013.  This is a firm trial date.  We will address any other issues that the parties may wish to raise at the conference scheduled for April 8, 2013 at 9:30 a.m..

-12-

**CONCLUSION**

For the foregoing reasons, we grant Defendants' motion in part and deny it in part.


SO ORDERED:

_____
Marvin E. Aspen
United States District Judge


Dated:        Chicago, Illinois
              March 28, 2013